IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA RUTH ERICKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 10 CV 965 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| **DEUTSCHE BANK SECURITIES INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION TO QUASH
SUBPOENA TO HER FORMER LAW FIRM**

Plaintiff, Patricia Ruth Erickson ("Plaintiff" or "Ms. Erickson"), through counsel, and pursuant to Federal Rule of Civil Procedure 45(c)(3), moves this Court to quash the subpoena served by Defendant, Deutsche Bank Securities, Inc. ("Defendant" or "DBSI"), on the law firm of Henderson & Lyman. In support thereof, Plaintiff states as follows:

Defendant has served a subpoena *duces tecum* on the law firm of Henderson & Lyman. (A copy is attached hereto as Exhibit A.) Henderson & Lyman is the law firm that represented Ms. Erickson in this matter prior to the time the federal complaint was filed. They were her legal counsel for two and one-half years and through four mediation sessions with Defendant.

In the subpoena, Defendant is seeking documents that Ms. Erickson shared with her legal counsel in seeking legal representation in connection with this matter. Although Henderson & Lyman is no longer representing Ms. Erickson, they have her files. The subpoena to Henderson & Lyman is the equivalent of Ms. Erickson sending a subpoena to Sidley & Austin requesting all documents that Defendant gave to them during the course of this representation. It is so outside the norms of civil discovery that it is difficult to even find a case that is on point. One can only

imagine that permitting enforcement of such a subpoena would open the floodgates as certainly Ms. Erickson would be hard pressed not to reciprocate.

However, the subpoena to Henderson & Lyman should be denied. The attorney-client relationship is a special relationship and seeking production of documents that a client shares with an attorney, regardless of whether the specific documents themselves are privileged, should not be permitted when the documents were produced in connection with the same matter in which the subpoena is issued. In *Syposs v. U.S.*, 181 F.R.D. 224 (W.D. N.Y. 1998), the plaintiffs sought the cellular telephone records of a doctor who was a witness in their Federal Tort Claims Act case. The doctor moved to quash the subpoena, and the court held that the doctor had a sufficient privacy interest in the telephone numbers that he had dialed as to support the court's modification of the subpoena, ordering an in camera inspection of the telephone records. *Id.* at 226-27, 228. DBSI's subpoena to Henderson & Lyman seeks to invade the confidential relationship between Ms. Erickson and her former counsel. The attorney-client relationship and the attorney-client privilege go hand in hand and have long been recognized as worthy of protection. In the seminal case of *Upjohn Co. v. U.S.,* 449 U.S. 383 (1981), the Court recognized it as the "oldest of privileges" and explained that the purpose of the privilege is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. *Id.* at 389. The purpose of the privilege is to "encourage clients to make full disclosure to their attorneys." *Fisher v. U.S.*, 425 U.S. 391, 403 (1976). DBSI's request for documents that Ms. Erickson gave to her attorneys is contrary to the very purpose of the attorney-client privilege.

2

Moreover, DBSI does not have a proper purpose for seeking the documents. The issues in this case involve whether Ms. Erickson is being treated similarly to her male counterparts in terms of salary and other benefits. It's a relatively simple issue that has been unnecessarily complicated by Defendant's attempts to hide the ball and instead of addressing the issues head on, to continue to shift the burden to Ms. Erickson by demanding that she provide the documents to support her claims, when they know full well that the documents are in their possession. This entire case depends on Defendant's documents—not Ms. Erickson's documents. Defendant's documents will show what it paid other Managing Directors and what benefits it provided to them. Defendant's documents will also show what expenses it charged to Ms. Erickson that were not charged to other Managing Directors. Communications regarding these issues are also in the possession of Defendant as Defendant's electronic mail system was used for all communications.

Further, Ms. Erickson has responded to Defendant's discovery requests. Defendant has not filed any motions to compel. Indeed, it has not even scheduled a discovery conference as required under Local Rule 37.2. Ms. Erickson has advised Defendant's counsel that, if necessary, she would take whatever action was necessary to obtain the documents from Ms. Erickson's former legal counsel. At this point, that has not been necessary.

Finally, the requests in the subpoena make clear that this subpoena is truly a fishing expedition. The requests lack any specificity or focus. They are a broad-sweeping request for any document that Ms. Erickson shared with her lawyers in connection with this matter, which necessarily means in connection with their representation of Ms. Erickson, since they were handling this dispute. Clearly the subpoena does not serve any proper purpose and accordingly should be quashed.

WHEREFORE, for the foregoing reasons, Ms. Erickson respectfully requests that this Court quash the subpoena served by DBSI on Henderson & Lyman.

> Respectfully submitted,
>
> **PATRICIA ERICKSON**
>
> /s/ Ruth I. Major
> _____
> One of Her Attorneys

**Dated**: October 20, 2010

Ruth I. Major (ARDC No. 6205049)
Laura M. Rawski (ARDC No. 6300636)
The Law Offices of Ruth I. Major, PC
225 West Washington Street, Suite 2200
Chicago, IL 60606
Tel: (312) 893-7544
Fax: (312) 698-9867
rmajor@major-law.com
lrawski@major-law.com