IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA RUTH ERICKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 10 CV 965 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| **DEUTSCHE BANK SECURITIES INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL

Plaintiff, Patricia Ruth Erickson ("Plaintiff" or "Ms. Erickson"), through counsel, hereby submits her Reply in Support of Her Motion to Compel Defendant, Deutsche Bank Securities, Inc. ("Defendant" or "DBSI"), to respond to Plaintiff's discovery requests. In support thereof Plaintiff states as follows:

1. Ms. Erickson filed her Motion to Compel on October 19, 2010. Ms. Erickson's Motion was necessitated by Defendant's failure to produce a single document in response to her discovery requests in the instant action, and details the basis for those requests.

2. On October 25, 2010, Defendant filed its Memorandum of Law in Opposition to Plaintiff's Motion to Compel (the "Response").

3. Defendant's Response is based on two misleading propositions. First, Defendant states that it has already produced a number of documents to Ms. Erickson through discovery in a related FINRA arbitration, which it now claims to be responsive to Ms. Erickson's discovery requests in the instant matter. (Resp. at 2.) However, Defendant fails to note that, in addition to

having specifically instructed Ms. Erickson's counsel that the FINRA production was not to be used for any matter but the FINRA arbitration, each document produced by Defendant bears the legend: CONFIDENTIAL – For Use in FINRA Arbitration Only. (A redacted example is attached hereto as Exhibit A.)

4. Second, Defendant claims that the only reason it has not produced responsive documents in the instant action is the lack of a confidentiality agreement. (Resp. at 3.) Defendant claims that it proposed to Ms. Erickson that the parties submit to this Court the confidentiality agreement that was negotiated and agreed upon in the FINRA arbitration, but that Ms. Erickson refused to respond. (*Id*.) Defendant conveniently fails to acknowledge, but also fails to deny, the sequence of events that Ms. Erickson set forth in her Motion to Compel, namely, that on August 23, 2010, within an hour of finishing the discovery conference in this matter, during which Defendant's counsel claimed he would need a protective order, counsel for Ms. Erickson sent him a copy of a protective order that had been presented to this Court in another matter (and was entered by this Court in that matter three days later). (A copy of the August 23, 2010 electronic mail message was attached to the Motion to Compel as Exhibit E.) It was not until after Ms. Erickson's counsel sent Defendant's counsel a draft of her Motion to Compel that Defendant's counsel made any further mention of a protective order. (Letter of Nicholas H. De Baun dated October 19, 2010, attached as Exhibit A to Defendant's Response.) As noted in Ms. Erickson's Motion to Compel, the protective order in the FINRA matter is based

both on different claims and was negotiated on circumstances different than those in the instant case, and therefore is not an appropriate order. Further, Defendant waited two months, from August 23 until October 19, to pursue the protective order that it claims to need, while holding up its response to discovery in this matter purportedly for this reason alone.

5. In addition to these two threshold matters, Defendant's Response contains other problems. For example, Defendant states that it has produced the client advisor profiles for Ms. Erickson and eight comparators. (Resp. at 3.) However, Defendant fails to provide any Bates numbers or other means of identifying the documents it claims to have produced. Ms. Erickson has only located client advisor profiles for two of those eight individuals (Bates Nos. DB FIN 007648 – 007656 and DB FIN 007657 - 7665), and has not located her own profile.

6. As another example, Defendant claims that it has produced compensation guidelines with general applicability to Client Advisors (Resp. at 6), but again provides no Bates numbers or other means of identifying the documents purportedly produced. Defendant also states that it has produced documents reflecting monetary awards to certain employees (Resp. at 7), again without identifying any such documents. Ms. Erickson has not located any documents that meet either of these descriptions.

7. This Reply is not intended to provide an exhaustive list of the deficiencies in Defendant's FINRA production that Defendant purportedly plans to produce again in response to the discovery requests in the instant action. Ms. Erickson's Motion to Compel was based on

Defendant's responses to her discovery requests in the instant action, which did not include the FINRA production (with its limitation solely to the FINRA arbitration). Ms. Erickson seeks this Court's assistance in compelling full and timely responses to her discovery requests, as set forth in her Motion to Compel.

WHEREFORE, for the foregoing reasons, Ms. Erickson respectfully requests that this Court (1) order Defendant to comply with all of the discovery requests set forth in her Motion to Compel, (2) award Ms. Erickson attorneys' fees for the Motion to Compel; and (3) award any further relief which this Court deems just and appropriate.

Respectfully submitted,

**Dated**: October 25, 2010            **PATRICIA ERICKSON**

/s/ Ruth I. Major

One of Her Attorneys

Ruth I. Major (ARDC No. 6205049)
Laura M. Rawski (ARDC No. 6300636)
The Law Offices of Ruth I. Major, PC
225 West Washington Street, Suite 2200
Chicago, IL 60606
Tel: (312) 893-7544
Fax: (312) 698-9867
rmajor@major-law.com
lrawski@major-law.com