**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA RUTH ERICKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 10 CV 965 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| **DEUTSCHE BANK SECURITIES INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO QUASH
SUBPOENA TO HER FORMER LAW FIRM**

Despite Defendant's lengthy brief, it fails to address the very basic issue that is before this Court. Specifically, until Defendant reaches the point where it can establish that there are responsive documents in Henderson & Lyman's control that are only in Henderson & Lyman's control and that should be produced in this matter, it is improper to order that a party's lawyer be required to produce its files. Especially in response to a subpoena such as the one before this Court which lacks any type of focus. Even a summary review of the subpoena shows that its requests lack any type of specificity and amount to nothing more than a request for the production of the entire file, seeking every non-privileged document relating to the case. Defendant offers no explanation as to why it cannot obtain those documents directly from Ms. Erickson in this matter without this improper subpoena and has failed to provide any explanation as to how this subpoena differs from a subpoena sent to any attorney involved in a dispute. In fact, their request specifically seeks documents that Plaintiff "obtained" from DBSI making it clear that Defendant understands that it is seeking documents that it could just as well get directly from Ms. Erickson herself.

As to Defendant's assertion that Ms. Erickson's counsel advised Mr. De Baun that she would be filing a motion to get the Henderson & Lyman file, that is simply untrue. Rather, Ms. Erickson's counsel volunteered to Mr. De Baun that there were files in the possession of Ms. Erickson's former attorney and that the files had been requested. Ms. Erickson's counsel further advised Mr. De Baun that if it became necessary to obtain the files for discovery, that she would file an appropriate action. However, thus far it has not been necessary. Ms. Erickson has responded to Defendant's request, apparently to the satisfaction of Defendant since there has been no motion to compel and not even a discovery conference

It is important to note that Mr. De Baun's account of the incident continues to change over time. In his September 1, 2010 letter, he writes that Ms. Major (Ms. Erickson's counsel) stated that she had filed an <u>action concerning the dispute</u> between Ms. Erickson and her former firm and would, at no specified time, file a motion to recover the documents which "<u>may</u>" include documents responsive to this matter. (A copy of the September 1, 2010 letter is attached hereto as "Exhibit A".) In his September 30, 2010 letter, he now writes that Ms. Major had told him, in that same August 23rd conversation, that she *had* filed an <u>action to recover the documents</u> and expected to make a motion in support of that effort <u>shortly</u>. (A copy of the September 30, 2010 letter is attached hereto as "Exhibit B.") In one letter, he claims that she said that she *would* file an action (motion) to recover the documents, in another letter he claims that she said that she *had* filed an action to recover the documents. The truth, which is a matter of public record, is that Ms. Erickson has not filed any action whatsoever. It simply makes no sense to believe that Ms. Major would have volunteered information about the dispute with Henderson & Lyman, which Mr. De Baun was unaware of at that point, if she was also intending

2

to mislead him in the same call about the nature of the dispute. The two actions would be wholly contradictory. At best, Mr. De Baun clearly did not understand the August 23rd discussion.

Ms. Erickson's former firm, which charged her in excess of $300,000 for handling this matter pre-litigation, filed an action against Ms. Erickson, which has thus far been dismissed twice. Despite a number of very serious concerns about the representation (including billing for work performed by a purported partner who was not admitted to practice in Illinois at the time; doube- and triple-staffing routine tasks; and not providing Ms. Erickson with a written retainer agreement to govern this very expensive representation), Ms. Erickson has already paid Henderson & Lyman over $200,000.

For the reasons stated above, the motion to quash should be denied it its entirety. If Defendant is unable to obtain specific documents after complying with the Federal Rules of Civil Procedure, including seeking assistance from this Court, then perhaps a narrowly tailored subpoena may be in order and with any production resulting therefrom being subject to review by Ms. Erickson and her counsel prior to production in the event any issues need to be addressed with the Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
| **Dated**: October 25, 2010 | **PATRICIA ERICKSON** |
|  | /s/ Ruth I. Major |
|  | _____ |
|  | One of Her Attorneys |

Ruth I. Major (ARDC No. 6205049)
Laura M. Rawski (ARDC No. 6300636)
The Law Offices of Ruth I. Major, PC
225 West Washington Street, Suite 2200
Chicago, IL 60606
Tel: (312) 893-7544

Fax: (312) 698-9867
rmajor@major-law.com
lrawski@major-law.com

4