IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA RUTH ERICKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 10 CV 965 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| DEUTSCHE BANK SECURITIES INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION
OF TIME TO COMPLY WITH FRCP 26(a)(2)**

**I.     INTRODUCTION**

Per this Court's April 26, 2010 order, the parties to this case are to comply with Fed.R.Civ.Pro. 26(a)(2) by February 28, 2011. (Docket #16). Ms. Erickson intends to disclose herself today as a non-reporting expert under Fed.R.Civ.Pro. 26(a)(2)(C), but nonetheless is requesting an extension of time to comply with Fed.R.Civ.Pro. 26(a)(2) for the reasons described below. Ms. Erickson anticipates that expert testimony in this case will only relate to the issue of damages, and therefore an extension of time to comply with Fed.R.Civ.Pro. 26(a)(2) will not delay or otherwise affect the currently scheduled May 30, 2011 deadline for filing dispositive motions.

When a party is denied access to discovery that is necessary to make a required showing, the court has abused its discretion. *See, e.g., Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996). The documents which Ms. Erickson is seeking, and an expert report prepared on the basis of those documents, are essential for Ms. Erickson to fully establish damages and liability. As the documents that she is seeking are nonetheless already in the possession of Defendant,

Defendant's ability to file any dispositive motions would not be affected by extending the time to comply with Fed.R.Civ.Pro. 26(a)(2).

As described in detail in both of Ms. Erickson's motions to compel (Docket #17 & #41), obtaining critical documents in this case has proven exceedingly difficult. This inability to obtain critical documents has substantially impaired Ms. Erickson's ability to produce an expert report pursuant to Fed.R.Civ.Pro. 26(a)(2)(B). Just last week, counsel for Ms. Erickson received 403 pages of documents relating to two comparators (the only documents which Defendant was ordered to produce in Magistrate Judge Keys's ruling on Ms. Erickson's Second Motion to Compel), which had not heretofore been produced, either in this case or the related FINRA arbitration. Counsel for Ms. Erickson also received an affidavit from Defendant late last week, regarding the reports that she is seeking, stating nearly the opposite of what Magistrate Judge Keys ordered the affidavit to state, and contradicting positions which had been asserted by Defendant throughout this case.[1]

Furthermore, Ms. Erickson currently has pending an objection to Magistrate Judge Keys's ruling on Ms. Erickson's Second Motion to Compel. Should this Court decide in favor of granting the relief requested in Ms. Erickson's objection, Ms. Erickson would be able to obtain documents that would dramatically improve her ability to produce an expert report.

---

[1] Namely, when discussing the Bloomberg reports which Ms, Erickson has been seeking in discovery, counsel for Defendant represented to Magistrate Judge Keys that "all of the information in the Bloomberg reports is in the NSTARS reports that we provided to the plaintiff." (Transcript of February 9, 2011 Hearing, Ex. B to Plaintiff's Objection to Magistrate Judge's Ruling Denying Plaintiff's Second Motion to Compel Discovery, 37:13-15). However, the affidavit Defendant produced states that the Bloomberg system can provide additional information not contained in the NSTARS reports, such as CUSIP numbers. (A true and correct copy of the Declaration of Josie Hall is attached hereto as "Exhibit A.") It is this additional information that Ms. Erickson is seeking to help establish her damages.

Additionally, Magistrate Judge Keys has also ordered that Defendant produce an affidavit supporting its allegation that producing the requested reports would be burdensome. That issue is set for status in front of Magistrate Judge Keys on Friday, March 4, 2011.

In light of the difficulties Ms. Erickson has faced during discovery and the pendency of Plaintiff's Objection to Magistrate Judge's Ruling Denying Plaintiff's Second Motion to Compel, Ms. Erickson respectfully requests that this Court extend the time for compliance with Fed.R.Civ.Pro. 26(a)(2) to March 31, 2011.

Respectfully submitted,

**PATRICIA ERICKSON**

/s/ Ruth I. Major

One of Her Attorneys

**Dated**: February 28, 2011

Ruth I. Major (ARDC No. 6205049)
Laura M. Rawski (ARDC No. 6300636)
The Law Offices of Ruth I. Major, PC
225 West Washington Street, Suite 2200
Chicago, IL 60606
Tel: (312) 893-7544
Fax: (312) 698-9867
rmajor@major-law.com
lrawski@major-law.com