IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA RUTH ERICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 CV 965 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| DEUTSCHE BANK SECURITIES INC., | ) | |
| | ) | Magistrate Judge Arlander Keys |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPPORT OF HER MOTION FOR RULE TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Plaintiff, Patricia Ruth Erickson, by and through her attorneys, for her Reply in support of her Motion for Rule to Show Cause Why Defendant Should Not Be Held in Contempt of Court pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii), states as follows:

**I.     INTRODUCTION**

Defendant submits a brief to this Court that fails to address why this Court should not enter a finding of contempt for Defendant's repeated, intentional and egregious refusal to comply with this Court's February 9, 2011 order. Defendant spends many pages expressing what it purports to be Ms. Erickson's misconduct and disregarding the authority of this Court rather than addressing the issues at hand. The bottom line is that this Court entered an order with very specific and unequivocal directions. The order was clear that Defendant was to provide an affidavit that the NSTARS reports produced by Defendant contained all of the same information as that contained in the reports requested by Ms. Erickson. Defendant has refused to submit such an affidavit because it knows that to do so would be to submit a false statement to this Court. Enough is enough. Defendant is openly defying an order of this Court and thus should be held in contempt.

## II.     ARGUMENT

### A. Defendant Consistently Dodges the Undeniable Fact That it Refuses to Comply With This Court's Order By Undermining This Court's Authority

The subject of this motion is Defendant's refusal and failure to comply with this Court's order regarding Plaintiff's Second Motion to Compel. As explained in the instant motion, when a party fails to obey a discovery order, the court overseeing the pending action may sanction the disobeying party for its conduct, up to and including treating the failure to obey the discovery order as contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii). The purpose of a civil contempt proceeding is to enforce a prior court order or compensate the non-contemptuous party for damages or losses sustained as a result of the contemptuous party's non-compliance. *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

On February 9, 2011, following oral argument, an order was entered by this Court which stated that Ms. Erickson was seeking Pershing reports, client first reports, DB Treasury reports, Bloomberg reports and HR flow charts. The Order then explained that Defendant stated that the NSTARS reports include "most of these reports" and will submit a declaration in that regard. Defendant's disregard for this Court's authority is so blatant that it responds with lengthy attempts to downplay this Court's written order. Indeed, Defendant dismisses this Court's order as nothing more than an "unsigned minute" entry which is "not conclusive as to what the Court ordered," but fails to cite to a single point of authority to support its position. As I am sure this Court is well aware,

> Any order filed electronically by the court or court personnel without the original signature of a judge (or, where applicable, the Clerk of the Court) has the same force and effect as if the judge or Clerk of the Court had affixed the judge's or Clerk of the Court's signature to a paper copy of the order and it had been entered on the docket in the manner otherwise provided.

Section VI(A)(1) of the Northern District of Illinois, General Order 09-014 (June 5, 2009). Defendant has essentially dodged its noncompliance by unilaterally demoting the authority of this Court, which only further evidences contemptuous conduct.

Defendant further erroneously cites to a criminal case, *U.S. v. Bonanno*, which stands for the premise that an inconsistency between a sentence ordered at the bench and a different sentence in a written order means that the oral sentence prevails. *U.S. v. Bonanno*, 146 F.3d 502 (7th Cir. 1998). This premise simply has no application to a civil case and an order regarding discovery proceedings. If Defendant had truly believed that the written order entered by this Court was in some way mistaken (which it clearly did not), the burden was on Defendant to seek modification before this Court. *See, LeBeau v. Taco Bell, Inc.,* 829 F.2d 605 (7th Cir. 1989) (a party may move under Rule 60(a) to modify an order to be conformed to the original intent of the judge who entered it). The appropriate avenue would have been to request the Court's assistance in clarifying the reports to be addressed in the declarations, not to cherry pick which aspects of the written order and transcript with which it wished to comply. Defendant has operated for nearly two months under this Order without raising any such concern or motion, and has remained in noncompliance. To date, no affidavit has been submitted confirming that Pershing reports, DB Treasury Reports and client first reports all contain the same information as that provided to Plaintiff by production of the NSTAR reports.

Notably, Defendant has now come forward and admitted by affidavit that the Bloomberg reports contain additional information not found in the NSTARS reports. This was allegedly discovered when preparing the declaration ordered by this Court. A pattern has quickly developed in this case of representations made in Court being ordered to be memorialized into affidavits, at which time, mysteriously, new information "comes to light."

3

Defendant makes one last attempt to undermine this Court's authority when it hints that this Court is barred from imposing civil contempt remedies under Fed. R. Civ. P. 37(b)(2)(A) where the order in question is not solely related to <u>providing</u> discovery. The Seventh Circuit has affirmed that a district court has "broad discretion in imposing sanctions" when reviewing the imposition of Rule 37(b) sanctions. *Tamari v. Bache & Co.,* 729 F.2d 469, 472 (7th Cir. 1984). Indeed, the Seventh Circuit has upheld Rule 37(b) sanctions where a formal motion to compel was not even filed. *Id.* In this case, the Court ordered an affidavit with the reasoning that if the NSTARS reports already produced contained all of the information which could be found in the other requested reports, that perhaps the affidavit could resolve Plaintiff's motion to compel. In essence, the affidavit was ordered in lieu of ordering production for the time being, and Defendant's assertion that this brings the Court outside of its authority under Rule 37 is downright absurd.

**B. Defendant's Disingenuous Attempts to Shift This Court's Attention to Plaintiff is Further Evidence of Bad Faith**

Rather than focus on the subject of this motion, Defendant shifts the focus to Plaintiff. To be clear, the only motions that have been filed in this matter have been in regards to Deutsche Bank's misconduct. Indeed, not a single document was produced in this case by Defendant until a motion was filed. Moreover, the documents which Ms. Erickson produced were predominately documents which were also in the possession of Defendant, and yet Ms. Erickson produced them before Deutsche Bank.

Defendant then attempts to mislead this Court with the logical fallacy that Plaintiff's purported failure to assist Defendant in its discovery compliance results in the conclusion that Plaintiff's seeking of documents relevant to her claim is a "sham." This argument is nothing more than gamesmanship. Surely a highly sophisticated bank that likely employees hundreds if

4

not thousands of IT people and has a contract with Bloomberg could locate the manual which Plaintiff's counsel found through a basic Google search. Defendant further fails to acknowledge to this Court that Plaintiff's counsel did respond in a manner which seemed to resolve any outstanding issues. Indeed, the last email is dated March 16, 2011, in response to Plaintiff's counsel's email, and Defendant's counsel does not request the manual. (Exhibit A of the Declaration of Nicholas H. De Baun). Defendant cannot in good faith assert that it needed Plaintiff's assistance to comply despite all of its resources, and its effort to do so is nothing more than its latest disguise for an excuse to continue not providing Ms. Erickson with the information which she has requested and to which she is entitled to prosecute her case.

Defendant's focus is intentionally misdirected. This Court should not allow its attention to be distracted. This motion, before this Court, involves Defendant's misconduct.

### III. CONCLUSION

Defendant's most recent attempts to dodge this Court's authority are indeed audacious. Defendant's absurd efforts to shift blame to Ms. Erickson are exceeded only by its arrogance toward this Court's authority. Discovery proceedings in this matter, including Defendant's response to the instant motion, have been calculated and evasive maneuvers to distract and confuse this Court. Defendant's repeated escape from providing an affidavit that the NSTARS reports contain all of the information contained in the DB Treasury Reports, the Pershing Reports and the client first reports itself creates a compelling inference that these reports indeed do contain additional information which Ms. Erickson has a right to review. For the foregoing reasons and for all the reasons stated in Plaintiff's Motion for Rule to Show Cause Why Defendant Should Not Be Held In Contempt of Court, Ms. Erickson respectfully requests that this Court enter an order finding Deutsche Bank in contempt of court for its failure to submit an

affidavit complying with the February 9, 2011 order, and awarding her attorney fees as well as any other sanctions deemed necessary by this Court, including an adverse jury instruction concerning the materials which Defendant has failed to produce or address adequately in its declarations.

        Respectfully submitted,

        **PATRICIA ERICKSON**

        /s/ Laura M. Rawski

        One of Her Attorneys

**Dated**: April 1, 2011

Ruth I. Major (ARDC No. 6205049)
Laura M. Rawski (ARDC No. 6300636)
The Law Offices of Ruth I. Major, PC
225 West Washington Street, Suite 2200
Chicago, IL 60606
Tel: (312) 893-7544
Fax: (312) 698-9867
rmajor@major-law.com
lrawski@major-law.com